# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| PETER KAMAU NDUATI, <br><br> Plaintiff, <br><br> v. <br><br> SHAW INDUSTRIES GROUP, INC. & SHAW INDUSTRIES INC., <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Peter Kamau Nduati, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within

Whitfield County, Georgia.

3. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Cobb County, Georgia.

6. Defendant Shaw Industries Group, Inc. is a Domestic Profit Corporation registered to conduct business in the State of Georgia, and may be served by delivering a copy of the Complaint and Summons to its Registered Agent, Frederick L. Hooper, III, located at 616 East Walnut Avenue, Dalton, Georgia, 30720.

7. Defendant Shaw Industries Inc. is a Domestic Profit Corporation registered to conduct business in the State of Georgia, and may be served by delivering a copy of the Complaint and Summons to its Registered Agent, Frederick L. Hooper, III, located at 616 East Walnut Avenue, Dalton, Georgia, 30720.

8. The majority of the events pleaded herein occurred at the work site of Shaw Industries Group, Inc/Shaw Industries Inc. in Whitfield County, Georgia.

9. In all relevant respects, Defendants are joint employers.

10. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendants as a Productions Coordinator from July 2010 to October 29, 2019.

12. Plaintiff received no disciplinary actions or other indication of poor performance during his employment with Defendant.

13. Plaintiff is African.

14. At all times relevant to Plaintiff's claims, he was the only employee from Africa.

15. During all times relevant to this Complaint, Plaintiff was supervised by Mr. Ed Bigford.

16. On or about May 31, 2019, Plaintiff was physically assaulted by Mr. Bernard Peigh.

17. Mr. Peigh is American.

18. There were several witnesses to the assault.

19. Following the assault, Plaintiff was directed to leave work for the day by

Ms. Danielle Whitten, Human Resources Manager.

20. Ms. Whitten informed Plaintiff that Defendants would not be investigating the assault as they already took statements.

21. Plaintiff was informed by management to go to the emergency room if Plaintiff felt unwell.

22. Plaintiff was further informed by management not to contact the police regarding the assault.

23. On or about June 1, 2019, Plaintiff went to the emergency room, and was diagnosed with a concussion.

24. Plaintiff informed the emergency room staff about the assault.

25. The emergency room contacted the police to speak to Plaintiff.

26. Mr. Jonathan Shioley of the Carterville Police Department reported to the emergency room and took Plaintiff's statement.

27. On or about June 2, 2019, Plaintiff received a phone call from coworkers.

28. Plaintiff's coworkers informed Plaintiff that Mr. Peigh's friends/coworkers were plotting to get Plaintiff fired by calling Defendant's company hotline and claiming Plaintiff had used vulgar language and committed acts of sexual harassment.

29. Mr. Peigh's friends/coworkers are American and/or not African.

30. Plaintiff did not use vulgar language.

31. Plaintiff did not commit acts of sexual harassment.

32. On or about June 3, 2021, Plaintiff returned to work.

33. Mr. Peigh's friends/coworkers were upset because they believed it was Plaintiff's fault Mr. Peigh was terminated.

34. Plaintiff's coworkers called Plaintiff a "slave" and a "Somali pirate."

35. Plaintiff's coworkers alleged that Plaintiff was working in the United States illegally.

36. Plaintiff was not working in the United States illegally.

37. Plaintiff's coworkers stated "this motherfucker is African and thinks he can have one of us fired."

38. A few days later, Plaintiff reported his coworkers' actions and statements to Ms. Whitten, Ms. Karen Nevad, Senior Human Resources Manager, and Mr. Bigford.

39. Ms. Whitten told Plaintiff an investigation would be conducted.

40. Plaintiff was instructed to go home until the investigation was completed, which constitutes a suspension.

41. Before Plaintiff left, Mr. Bigford told Plaintiff that his coworkers called him a slave because Plaintiff "worked like a slave."

42. Plaintiff was never contacted regarding the investigation.

43. Upon information and belief, Plaintiff's coworkers who made the comments complained of were not suspended.

44. Plaintiff returned to work the following week.

45. On or about June 12, 2019, Plaintiff was again suspended because he was being investigated.

46. Upon information and belief, this investigation was in connection to the false claims made by Plaintiff's coworkers through Defendants' company hotline.

47. Plaintiff's coworkers were not similarly suspended.

48. About two weeks later, Plaintiff emailed Human Resources to give them his side of events.

49. Plaintiff was later contacted over the phone by Human Resources.

50. Plaintiff stated Defendants were using unsubstantiated evidence against him.

51. Plaintiff informed Defendants that he was being discriminated against based on his national origin by his coworkers and Defendants.

52. On or about June 29, 2019, Plaintiff returned to work.

53. On this day, management requested proof of Plaintiff's citizenship status.

54. Plaintiff had previously addressed his citizenship status in obtaining employment with Defendants.

55. Ms. Nevad informed Plaintiff that the investigation had found Plaintiff had made comments to Mr. Peigh that led to Plaintiff's assault.

56. In or around October 2019, Human Resources followed up with Plaintiff regarding the allegations made through Defendants' company hotline.

57. Human Resources claimed that there were additional verbal complaints made against Plaintiff for making inappropriate comments.

58. Plaintiff asked if there had been any written records of the alleged complaints made against him, which Human Resources denied.

59. On or about October 29, 2019, Plaintiff was terminated by Defendants.

60. Defendants' explanation for Plaintiff's termination was alleged violations of Defendants' policies prohibiting sexual harassment and vulgar language.

61. Plaintiff's coworkers were not similarly terminated for the comments and language used towards Plaintiff.

62. Plaintiff filed his claim with the EEOC on March 31, 2020.

63. Plaintiff received EEOC Dismissal and Notice of Rights on July 29, 2021.

## IV.  CLAIMS FOR RELIEF

## COUNT I: TITLE VII DISCRIMINATION (NATIONAL ORIGIN)

64. Plaintiff incorporates by reference paragraphs 1-63 of his Complaint as if fully set forth herein.

65. Plaintiff is a member of a protected class by virtue of his national origin. *Para*. 13.

66. Defendant was aware of Plaintiff's national origin. *Paras*. 13-14.

67. Plaintiff suffered the adverse action of a hostile work environment. *Paras*. 16-22, 28-31, 34-37.

68. Plaintiff's suffered the adverse action of suspension. *Para*s. 40, 45.

69. Plaintiff suffered the adverse action of termination. *Para.* 59.

70. The comments made by Plaintiff's coworkers and Mr. Bigford demonstrates discriminatory animus. *Paras. 34-37;41*.

71. The disparate treatment of Plaintiff and his American/non-African coworkers is evidence of discriminatory animus. *Paras*. 43, 47, 61.

72. Defendant's business reason for termination is pretextual.

## COUNT II: TITLE VII RETALIATION

73. Plaintiff incorporates by reference paragraphs 1-72 of his Complaint as if fully set forth herein.

74. Plaintiff's first report of national origin discrimination constitutes a protected activity under Title VII. *Para. 38.*

75. Defendant had knowledge of Plaintiff's protected complaint. *Paras 38-39.*

76. Plaintiff's suspensions following his complaint constitutes an adverse action pursuant to Title VII. *Paras. 40, 45.*

77. Plaintiff's second report of national origin discrimination constitutes a protected activity under Title VII. *Paras. 48-51.*

78. Plaintiff's October 29, 2019 termination constitutes an adverse action pursuant to Title VII. *Para. 59.*

79. The temporal proximity between Plaintiff's protected activities and the adverse actions is circumstantial evidence of causation.

80. Defendant's business reason for termination is pretextual.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 26th day of October, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

s/ Amanda M. Brookhuis
Amanda M. Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 26th day of October, 2021.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/ Amanda M. Brookhuis
        Amanda M. Brookhuis
        Georgia Bar No. 601396
        Kirby G. Smith
        Georgia Bar No. 250119
        *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 26th day of October, 2021.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        Kirby G. Smith
        Georgia Bar No. 250119
        *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com